UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ONTARIO LLOYD                                              CIVIL ACTION

VERSUS                                                     NO. 15-768-SDD-EWD

N. BURL CAIN, WARDEN, ET AL.

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 1, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ONTARIO LLOYD                                                    CIVIL ACTION

VERSUS                                                                   NO. 15-768-SDD-EWD

N. BURL CAIN, WARDEN, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the application of Petitioner Ontario Lloyd ("Petitioner") for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] For the following reasons, Petitioner's application should be denied as it is untimely and not subject to equitable tolling. There is no need for oral argument or for an evidentiary hearing.

**I.   Procedural History**

On August 30, 2006, pursuant to grand jury indictment returned in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, Petitioner was charged with one count of aggravated rape (count one) and one count of attempted second-degree murder (count two).[2] After a trial by jury commenced in July 2007, Petitioner was found guilty as charged on count one[3] and, as to count two, guilty of the responsive offense of attempted manslaughter.[4] Upon the denial of post-trial motions, the trial judge sentenced Petitioner on August 3, 2007 to life imprisonment at hard labor without the benefit of parole, probation, or suspension of sentence on the aggravated rape conviction, and to twenty years imprisonment at hard labor on the attempted manslaughter conviction, with the sentences to be served concurrently.[5]

---

[1] R. Doc. 1.
[2] Trial Record, p. 37.
[3] Trial Record, p. 96.
[4] Trial Record, p. 98.
[5] Trial Record, p. 118.

Petitioner pursued a direct appeal, arguing he was convicted by a non-unanimous verdict in violation of the United States and Louisiana Constitutions and that his conviction and sentence for aggravated rape should be reversed. On November 14, 2008, the Louisiana Court of Appeal for the First Circuit ("First Circuit") affirmed Petitioner's conviction and sentence.[6] On approximately December 3, 2008, Petitioner thereafter sought review before the Louisiana Supreme Court, which denied review without comment on June 19, 2009.[7] Upon the failure of Petitioner to thereafter file an application for a writ of certiorari in the United States Supreme Court, his conviction and sentence became final on September 17, 2009 upon expiration of the ninety-day period allowing him to do so.[8]

Almost 21 months later, on June 1, 2011, Petitioner timely filed a counseled application for post-conviction relief in the state trial court. Therein, Petitioner asserted the following grounds for relief: (1) ineffective assistance of counsel, (2) Petitioner's non-unanimous jury verdict violates the U.S. Constitution, (3) his sentences constitute cruel and unusual punishment, and (4) double jeopardy. The State filed procedural objections alleging that Petitioner's second and third claims were barred. On December 3, 2012, the state trial court dismissed claims two and three, finding that these claims were procedurally barred and referred the remaining claims to the Commissioner to notify the state to file an answer to those claims accordingly. After additional briefing and consideration, the Commissioner recommended the remaining claims (one and four) be dismissed, which recommendation was adopted by the state trial court on May 20, 2014.

---

[6] *State v. Lloyd*, 2008-0774 (La. App. 1st Cir. 11/14/08), 2008 WL 4908845.
[7] *State v. Lloyd*, 2008-2838 (La. 6/19/09), 10 So. 3d 732.
[8] *See Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (recognizing that a conviction becomes final for federal purposes after the 90-day period allowing a petitioner to proceed in the United States Supreme Court has passed, if he has not pursued such relief).

2

Petitioner thereafter pursued further review by filing applications for supervisory review before both the First Circuit and the Louisiana Supreme Court, which courts denied review on October 3, 2014 and October 23, 2015, respectively.[9]

Finally, Petitioner submitted the instant federal habeas corpus application for filing herein on November 13, 2015,[10] asserting the following grounds for relief: (1) his Sixth Amendment right to effective assistance of counsel was violated when his counsel failed to subject the State's case to meaningful adversarial testing; and (2) his conviction was obtained in violation of the Fifth Amendment prohibition against double jeopardy.

## II. Timeliness and Equitable Tolling

Petitioner does not dispute that his federal habeas application is untimely.[11] Instead, Petitioner asserts that he is entitled to equitable tolling for the following reasons: 1) he exercised reasonable diligence in retaining post-conviction counsel while his direct appeal was still pending; 2) counsel assured Petitioner that his petition would be timely filed in federal court if relief was denied in state court; 30 the magnitude of the alleged Constitutional violations; and 4) Petitioner's diligence in submitting the federal habeas application less than 30 days from the date the Louisiana Supreme Court denied his PCR appeal.[12] The record does not establish a basis for equitable tolling

---

[9] *State v. Lloyd*, 2014-1234 (La. App. 1st Cir. 10/3/14), 2014 WL 12570026; *State v. Lloyd*, 2014-2548 (La. 10/23/15), 177 So.3d 1057 (*per curiam*).

[10] An inmate's pleadings are considered to be filed on the date that they are presented to prison officials or placed into the prison mailing system for transmission to the Court, not on the date that they are ultimately received or docketed by the Court. *See Cooper v. Brookshire*, 70 F.3d 377, 379-80 (5th Cir. 1995). Thus, courts generally presume that the date that an inmate signed and dated his filing is the date that he gave it to prison officials for mailing. *See Toomer v. Cain*, 09-7446, 2010 WL 4723365, n. 3 (E.D. La. July 30, 2010). Accordingly, absent evidence to the contrary, this Court uses the date the document was signed as its filing date.

[11] R. Doc. 1, pp. 5 & 7. 622 days expired between September 17, 2009, when Petitioner's conviction became final, and June 1, 2011, when Petitioner filed his application for post-conviction relief. Although Louisiana Code of Criminal Procedure 930.8 generally provides a two-year time period for filing applications for post-conviction relief, that time period does not toll the federal habeas limitations period unless there is pending a "properly filed" application for state post-conviction or other collateral review. 28 U.S.C. § 2244(d)(2).

[12] R. Doc. 1, p. 13 and R. Doc.1-1, pp. 6-7.

3

in this case. It is the petitioner's burden to demonstrate that equitable tolling is warranted.[13] The one-year federal limitations period is subject to equitable tolling only "in rare and exceptional circumstances."[14] The doctrine of equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[15]

Generally, a litigant seeking equitable tolling bears the burden of establishing the following two elements: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance has stood in his way.[16] "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify."[17] Ignorance of the law, lack of knowledge of filing deadlines, or a temporary denial of access to research materials or an adequate law library are generally not sufficient to warrant equitable tolling.[18] Further, equitable tolling "is not intended for those who sleep on their rights."[19] Thus, a federal habeas petitioner is required to act with diligence[20] and alacrity both during the period allowed for the filing of state post-conviction review proceedings and after the denial thereof by the state appellate courts.[21] Moreover, though egregious and extraordinary misconduct

---

[13] *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009).
[14] *See United States v. Patterson*, 211 F.3d 927, 928 (5th Cir. 2000).
[15] *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogated on other grounds by Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013).
[16] *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).
[17] *Id.* quoting *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006).
[18] *Tate v. Parker*, 439 F. App'x. 375, 376 (5th Cir. 2011) *citing Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) and *Scott v. Johnson*, 227 F.3d 260, 263 & n. 3 (5th Cir. 2000).
[19] *Manning v. Epps*, 688 F.3d 177, 184 (5th Cir. 2012).
[20] "The diligence required for equitable tolling purposes is reasonable diligence, . . . not maximum feasible diligence," and equitable tolling decisions must be made on a case by case basis. *Holland v. Florida*, 560 U.S. 631, 649-50, 653 (2010) (internal quotation marks omitted).
[21] *See Ramos v. Director*, 6:09cv463/6:09cv477, 2010 WL 774986, *4 (E.D. Tex. Mar. 1, 2010).

by a post-conviction attorney may, in certain circumstances, warrant equitable tolling, a "garden variety claim of excusable neglect" does not rise to this level.[22]

Petitioner's habeas petition attaches as exhibits letters from counsel dated July 28, 2009 and November 3, 2010.[23] Contrary to Petitioner's assertions, these letters do not mention federal habeas corpus relief. Rather, the letters contain counsel's assurances that Petitioner's application for post-conviction relief *in the state court* will be timely filed. For example, in one letter, counsel stated, "I have calendared the date of June 19, 2011, as the absolute deadline for filing an Application for Post Conviction Relief. Obviously, we will hope to have same filed well in advance of that date."[24] In a subsequent letter, counsel stated "I will ensure that your Application for Post Conviction Relief is timely filed, and I will further ensure we present every potential claim for relief which is possible."[25] Neither of these letters mention a pursuit for relief in federal court; rather, the letters evidence that counsel promised the timely filing of Petitioner's application for post-conviction relief, which timely filing was accomplished.

Even if this Court accepts as true that Petitioner retained his lawyer to pursue federal habeas relief, the lawyer's failure to calculate the correct filing deadline would generally not rise to the level of egregious conduct sufficient to warrant application of equitable tolling. It has long been the law of this Circuit that attorney error or neglect will not warrant equitable tolling[26] unless that

---

[22] *Holland*, 560 U.S. at 651.
[23] R. Doc. 1-2, pp. 1-2.
[24] R. Doc. 1-2, p. 1.
[25] R. Doc. 1-2, p. 2.
[26] *See Cousin v. Lensing*, 310 F.3d 843 (5th Cir. 2002); *see also Manes v. Warden, Louisiana State Police Barracks*, 13-2753 at*7 (W.D. La. Feb. 20, 2014), 2014 WL 690690 (wherein the Western District held that "misadvice" given by a petitioner's defense team did not constitute an extraordinary circumstance).

conduct is egregious or extraordinary.[27] Rather, a mistaken deadline is more appropriately classified as a "garden variety claim of excusable neglect." [28]

Applying the foregoing principles, the Court concludes that the Petitioner has failed to demonstrate the existence of rare and extraordinary circumstances that justify the application of equitable tolling. The evidence provided by Petitioner merely establishes that counsel was retained as Petitioner's post-conviction relief attorney and represented Petitioner in that capacity. Even if counsel was representing Petitioner with regard to his federal application for habeas relief, misadvice or attorney miscalculation is not enough to warrant equitable tolling.

Petitioner's other arguments for equitable tolling—the magnitude of his constitutional claims and the fact that he filed his application with this Court less than 30 days after the Louisiana Supreme Court's denial of post-conviction relief—are likewise without merit. With regard to the magnitude of his constitutional claims, courts do not generally reach the merits of a habeas petition that is untimely.[29] Although a showing of actual innocence may be an exception,[30] here, Petitioner does not present any evidence or argument regarding innocence. Further, the fact Petitioner filed this application within 30 days of the Louisiana Supreme Court's denial of post-conviction relief is of no consequence as 622 days had already passed between the Louisiana Supreme Court's denial of his direct appeal and the filing of his post-conviction relief application.

---

[27] *Holland*, 560 U.S. at 652-3 (recognizing that an attorney's failure to timely file a habeas petition and failure to be aware of the date on which the limitations period would expire "suggest simple negligence," but noting there are circumstances where an attorney's conduct could be so egregious as to warrant equitable tolling).

[28] *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel").

[29] *See e.g., Mitchell v. McCain*, 16-13422, 2017 WL 111311 (E.D. La. Jan. 11, 2017); *see also, Martin v. Tanner*, 09-7650, 2010 WL 1838295, *1 (E.D. La. May 5, 2010)("Because Martin's federal habeas petition is thus untimely, the Court does not reach the merits of Martin's claim and the court DISMISSES his petition with prejudice."); *Dixon v. Epps*, 5:11cv17, 2012 WL 568714, *1 (S.D. Miss. Jan. 17, 2012)("Because the Court agrees with the State's argument and finds that Dixon's petition was filed untimely, it will not address the merits of the petition.").

[30] Whether a habeas petitioner, based upon a claim of actual innocence, is entitled to equitable tolling of the one-year statute of limitations appears to be an open question in the Fifth Circuit. *See Prince v. Thaler*, 354 F. Appx. 846, 847 (5th Cir. 2009).

Accordingly, based on the foregoing, Petitioner has failed to show such exceptional circumstances as would entitle him to equitable tolling and his untimely application for habeas corpus relief should be dismissed.

### III.    Certificate of Appealability

Should Petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[31]    Although Petitioner has not yet filed a Notice of Appeal herein, the Court may address whether he would be entitled to a certificate of appealability.[32]   A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right.[33]   In cases where the Court has rejected a petitioner's constitutional claims on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of a denial of constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[34]   In the instant case, reasonable jurists would not debate the denial of Petitioner's application or the correctness of the procedural ruling. Accordingly, it is appropriate that, in the event that Petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

---

[31] 28 U.S.C. § 2253(c)(1)(A).
[32] *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).
[33] 28 U.S.C. § 2253(c)(2).
[34] *Ruiz v. Quarterman*, 460 F.3d 638, 642 (5th Cir. 2006).

7

## IV.     Recommendation

For the reasons set forth herein, the undersigned **RECOMMENDS** that Petitioner's application for habeas corpus relief[35] be **DENIED** and that this proceeding be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that, in the event that Petitioner seeks to pursue and appeal in this case, a certificate of appealability be **DENIED**.

Signed in Baton Rouge, Louisiana, on March 1, 2019.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[35] R. Doc. 1.